IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                    Case No.  24-10114-JWB

MARCUS CARRILLO-MILLER,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to "obtain and possess documents" relevant to his case.  (Doc. 33.)  The government has filed a response opposing the motion and contending the court lacks jurisdiction to afford the relief Defendant seeks.  (Doc. 35.)

Defendant pled guilty to one count of possession of a firearm by a convicted felon as prohibited by 18 U.S.C. § 922 (g)(1).  (Doc. 18.)  This court sentenced him to 30 months in prison.  (Doc. 29 at 2.)  He now requests that the court order the release of documents relevant to his case to "assist in challenging his sentence."  (Doc. 33 at 1.)  Defendant specifically seeks his "Docket Sheet, Plea Agreements, and Sentencing Transcripts."  (*Id.* at 2.)   The government argues that this court lacks jurisdiction to grant such relief.  (Doc. 35 at 3-4.)  In the alternative, the government requests that the court order Defendant's attorney to produce the requested material.  (*Id.* at 5.)

Specifically, the government contends that jurisdiction under the criminal statute, 18 U.S.C. § 3231, ceases upon entry of final judgment.  (*Id.* at 5.)  If the government is correct, the Defendant must identify some other source of authority for the court to consider his motion, as federal courts are courts of limited jurisdiction.  *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

2

The court agrees with the government. Tenth Circuit case law indicates that the jurisdictional grant of the criminal code does cease upon entry of final judgment. *United States v. Benitez*, 720 F. App'x. 509, 510 (Mem.) (10th Cir. 2018). That occurred in this case on October 6, 2025. (Doc. 29.) It is Defendant's burden to identify a jurisdictional grant of authority that enables the court to consider his motion. *Id.* As he does not do so, his motion must be DENIED.

IT IS SO ORDERED. Dated this16th day of March, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE